LARRY R. LAYCOCK (USB No. 4868)
Email:  llaycock@wnlaw.com
DAVID R. WRIGHT (USB No. 5164)
Email:  dwright@wnlaw.com
BRETT I. JOHNSON (USB No. 9337)
Email:  bjohnson@wnlaw.com
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone No. (801) 533-9800
Facsimile No. (801) 238-1707

Attorneys for Plaintiff
SEROCTIN RESEARCH & TECHNOLOGIES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| SEROCTIN RESEARCH & TECHNOLOGIES, INC., a Nevada Corporation, | ) ) ) | Civil Action No. 2:07-cv-582 |
| Plaintiff, | ) ) | Judge Tena Campbell |
| v. | ) ) | |
| UNIGEN PHARMACEUTICALS, INC., a Colorado Corporation, UNIVERA LIFE SCIENCES, dba OASIS LIFE SCIENCES, a Colorado Corporation, and DOEs 1-100, | ) ) ) ) ) | **COMPLAINT** |
| Defendants. | ) ) | (JURY DEMANDED) |
| | ) | |

Plaintiff Seroctin Research & Technologies, Inc. ("SRT") complains against

Defendants Unigen Pharmaceuticals, ("Unigen"), Univera Life Sciences, dba Oasis Life

Sciences ("Univera"), and Does 1-100, (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      SRT is a Nevada corporation having a principal place of business at 471 East Mountainville Drive, Alpine, Utah 84004, and does business in this judicial district.

2.      Upon information and belief, Unigen is a Colorado corporation and has its principal place of business at 2660 Willamette Dr. NE, Lacey, Washington 98516.

3.      Upon information and belief, Univera is a Colorado corporation and has its principal place of business at 2660 Willamette Dr. NE, Lacey, Washington 98516.

4.      SRT is currently unaware of the true names and capacities of the defendants sued herein as Does 1-100, inclusive, and therefore sues said defendants by said fictitious names.  SRT is informed and believes that such fictitiously named defendants have acted wrongly and caused damage to SRT by selling or offering for sale the Seroctin Product in violation of SRT's patent and trademark.  These doe defendants include, but are not limited to: (1) an entity or person is a seller on EBay going by the user name naturalpath2health; (2) a person or entity using the domain name www.feelyoungerlonger.net; (3) a person or entity using the domain name www.safeguardmyhealth.com; (4) a person or entity using the domain name www.nuhealth4you.net; (5) a person or entity using the domain name www.kareenbroff.com; (6) a person or entity using the domain name www.7th fire.com; (7) a person or entity using the domain name www.betterhealthcenter.com; (8) a person or entity using the domain name http://seroctinplus.tripod.com; (9) a person or entity using the domain name www.real-dream-catchers.com.  SRT intends to move the Court to amend this Complaint after the true names of fictitiously named defendants are ascertained.

5.     This is a civil action for patent infringement arising under Title 35 U.S.C. § 271, 281, 283, 284, and 285.  Jurisdiction of this court is founded upon Title 28 U.S.C. §§ 1331, 1338.

6.     This is also a civil action for trademark infringement arising under the Lanham Act, specifically under Title 15 §§ 1114, 1116, 1117, and 1118.  Jurisdiction of this court is founded upon Title 28 U.S.C. §§ 1331, 1338, and Title 15 U.S.C. § 1121.

7.     This is also a civil action with complete diversity of citizenship with the amount in controversy exceeding $75,000.  Jurisdiction of this court is founded upon Title 28 U.S.C. § 1332.

8.     Jurisdiction of this court is also founded upon Title 28 U.S.C. § 1367 for SRT's claims arising under state law.

9.     Upon information and belief, Defendants have transacted business, contracted to supply goods or services and have otherwise purposely availed themselves to the privileges and benefits of the laws of the State of Utah and therefore are subject to the jurisdiction of this Court pursuant to Utah Code Ann. § 78-27-24.

10.    Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1400(b) and 1391.

## BACKGROUND

11.    SRT hereby incorporates the allegations of paragraphs 1-10 of this Complaint as though fully set forth herein.

12.    SRT is the owner by assignment of United States Patent No. 6,667,308 ("the '308 Patent"), entitled "Compounds for use as Antidepressants, Aphrodisiacs and Adjunctive Therapies in Humans," which claims processes for treating certain

conditions using chemical formulations that comprise the Seroctin product (the "Seroctin Product"). A true and correct copy of the '308 Patent is attached hereto as Exhibit A.

13.    Defendants have infringed one or more claims of SRT's '308 Patent.

14.    SRT is the owner of the registered mark Seroctin®. A true and correct copy of a trademark registration from the Patent and Trademark Office records showing SRT as the owner of the mark Seroctin® is attached hereto as Exhibit B.

15.    Defendants have infringed SRT's trademark Seroctin®.

16.    On March 1, 2005, SRT and Unigen entered into License Agreement and Exclusive Supply Agreement (the "License Agreement"). A true and correct copy of the License Agreement is attached hereto as Exhibit C.

17.    On August 15, 2005, SRT and Unigen amended the License Agreement by entering into an "Addendum II." Addendum II relates back to the date of the License Agreement and specifically provides that unless specifically superseded by Addendum II, the terms of the License Agreement remain in effect and control. A true and correct copy of the Addendum II is attached hereto as Exhibit D.

18.     On August 16, 2005, SRT and Unigen amended the License Agreement and Addendum II by entering into an "Addendum I." Addendum I relates back to the date of the License Agreement and specifically provides that unless specifically superseded by Addendum I, the terms of the License Agreement remain in effect and control. To the extent there is a conflict between Addendum II and Addendum I, Addendum I controls because it was executed by Unigen after execution of Addendum II. A true and correct copy of the Addendum I is attached hereto as Exhibit E.

19.     The License Agreement along with Addendum II and Addendum I ("collectively the "Contract") allows Unigen, under certain conditions to sell a nutritional supplement called Seroctin® and SRT's licensed intellectual property.

20.     The Contract imposes obligations on Unigen to aggressively market Seroctin® and to take actions to protect SRT's trademark and patent rights in Seroctin.  *See* Exhibit C, §§ 3, 4, 8.1.

21.     Unigen is required to pay royalties to SRT for money received from the sales directly or indirectly of Seroctin®.  *See* Exhibits C, D, §§ 1.3, 1.4, 6.2.

22.     Univera is an "Affiliate" of Unigen pursuant to § 1.15 of the License Agreement.

23.     Upon information and belief, certain Doe Defendants are Affiliates of Unigen.  *See* Exhibit C, § 1.15.

24.     Unigen is required to pay royalties to SRT for money received from sales either directly or indirectly of the Seroctin Product by Univera as an "Affiliate" of Unigen.  *See* Exhibits C, D, § 6.2.

25.     Unigen is required to pay royalties to SRT for money received from sales either directly or indirectly of the Seroctin Product by certain Doe Defendants as "Affiliates" of Unigen.  *See* Exhibits C, D, § 6.2.

26.     Unigen has materially breached the Contract by failing to pay royalties and adequately market the Seroctin Product and promote the Seroctin® mark.

27.     Because Unigen has materially breached the contract neither it nor its Affiliates are authorized to sell or offer to sell the Seroctin Product or use the Seroctin® mark, or any confusingly similar mark, in commerce.

## FIRST CLAIM FOR RELIEF—PATENT INFRINGEMENT,

## TITLE 35 U.S.C. § 271

### (Against All Defendants)

28.     SRT hereby incorporates the allegations of paragraphs 1-27 of this Complaint as though fully set forth herein.

29.     The '308 Patent is directed to human nutritional supplementation for improving performance in certain areas.

30.     The '308 Patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

31.     SRT is the owner by assignment of the '308 Patent.

32.     The Seroctin Product is SRT's product that embodies the '308 Patent.

33.     Defendants have sold and/or offered to sell products falling within the scope of one or more of the claims of the '308 Patent in violation of SRT's rights, thereby infringing literally or under the doctrine of equivalents the '308 Patent.  Such infringing products include products being sold by Defendants using the mark "Seroctin" and/or "Serinex."

34.     Upon information and belief, Defendants' acts constitute direct and/or indirect infringement under Title 35 § 271(a), 271(b), and/or 271(c).

35.     Upon information and belief, Defendants have had and continue to have notice of the existence of the '308 Patent and despite such notice continue to willfully, wantonly and deliberately engage in acts of infringement as that term is defined in Title 35 U.S.C. § 271, without regard to the '308 Patent, and will continue to do so unless otherwise enjoined by this Court.

36.     Defendant Unigen has materially breached the Contract, terminating its rights and the rights of its Affiliates to sell the infringing product.

37.     SRT has been and will continue to be damaged by the infringing conduct of Defendants, in an amount to be established upon proper proof at trial.

## SECOND CLAIM FOR RELIEF—LANHAM ACT TRADEMARK INFRINGEMENT, TITLE 15 U.S.C. § 1114

### (Against All Defendants)

38.     SRT hereby incorporates the allegations of paragraphs 1-37 of this Complaint as though fully set forth herein.

39.     SRT is the owner of the registered mark "Seroctin®."

40.     Upon information and belief, Unigen and certain doe defendants have used the name "Seroctin" in commerce without license or authorization from SRT or in a manner inconsistent with such authorization.

41.     The use of the name "Seroctin" is confusingly similar to SRT's registered Seroctin® mark.

42.     Defendant Unigen has materially breached the Contracts, terminating its rights to use the Seroctin® mark, making its use thereof unauthorized.

43.     Upon information and belief, Univera, and certain doe defendants have used the name "Serinex" in commerce.

44.      The use of the name "Serinex" is confusingly similar to SRT's registered Seroctin® mark.

45.     The use of the names "Seroctin" and/or "Serinex" by Defendants in commerce is likely to cause confusion as to source, origin, or sponsorship of the product.

46.     Upon information and belief, Defendants intended to cause confusion as to source, origin, or sponsorship of the Seroctin Product.

47.     Defendants' use in commerce of the names "Seroctin" and/or "Serinex" infringes SRT's registered trademark "Seroctin" and is in violation of Title 15, U.S.C. § 1114.

48.     SRT has been and will continue to be damaged by Defendants' infringement of SRT's registered Seroctin® trademark, in an amount to be established upon proper proof at trial.

### THIRD CLAIM FOR RELIEF—LANHAM ACT FALSE DESIGNATION OF ORIGIN REVERSE PASSING OFF, TITLE 15 U.S.C. § 1125

### (Against All Defendants)

49.     SRT hereby incorporates the allegations of paragraphs 1-48 of this Complaint as though fully set forth herein.

50.     The Seroctin Product originated from Plaintiff SRT.

51.     Upon information and belief, Defendants have falsely designated the origin of the Seroctin Product as "Seroctin" and/or "Serinex."

52.     The terms false designation by Defendants of "Seroctin" and "Serinex" are likely to cause consumer confusion.

53.     Defendants' use of the names "Seroctin" and/or "Serinex" is in violation of Title 15 U.S.C. § 1125(a).

54.     SRT has been and will continue to be damaged by Defendants' false designation of origin and reverse passing off, in an amount to be established upon proper proof at trial.

### FOURTH CLAIM FOR RELIEF—STATE UNFAIR COMPETITION

### (Against All Defendants)

55.     SRT hereby incorporates the allegations of paragraphs 1-54 of this Complaint as though fully set forth herein.

56.     Defendants' conduct is in violation of Utah Code Ann. § 13-5a-101 et seq.

57.     Defendants have violated Utah Code Ann. § 13-5a-102(4)(a)(ii)(A) by infringing SRT's Seroctin® trademark and/or SRT's '308 Patent.

58.     SRT has been injured by Defendants' infringement of its trademark and patent.

59.     SRT is entitled to recover damages, costs and attorneys' fees, and punitive damages from Defendants for infringement of SRT's Seroctin® trademark and/or '308 Patent.  *See* Utah Code Ann. § 13-5a-103.

## FIFTH CLAIM FOR RELIEF--BREACH OF CONTRACT

### (Against Unigen Only)

60.     SRT hereby incorporates the allegations of paragraphs 1-59 of this Complaint as though fully set forth herein.

61.     The Contract constitutes a valid and enforceable contract between SRT and Unigen.

62.     SRT has performed its obligations under the Contract.

63.     The Contract requires Unigen to make royalty payments to SRT on all net sales of the Seroctin Product.  *See* Exhibits C, D, §§ 6.2.

64.     Univera is an Affiliate of Unigen.  *See* Exhibit C, § 1.15.

65.     Upon information and belief, certain Doe Defendants are Affiliates of Unigen.  *See* Exhibit C, § 1.15.

66.     Upon information and belief, Univera and certain Doe Defendants market a product containing a compound called "Serinex."

67.     The compound "Serinex" comprises the Seroctin Product and is included within the scope of the license agreement.  *See* Exhibit C, §§ 1.3, 1.4.

68.     The Contract requires Unigen to make royalty payments to SRT on all net sales of the Seroctin Product sold by Univera and certain Doe Defendants who are Affiliates of Unigen using Serinex.  *See* Exhibit C, §§ 1.15, 1.3, 1.4.

69.     The Contract requires Unigen to make minimum royalty payments to SRT of $120,000 by March 1, 2007, to avoid termination of the agreement.  *See* Exhibits C, D, § 9.3.

70.     The contract provides that Unigen agrees to invest in research and development of the Seroctin Product "anticipated" to exceed $250,000.  *See* Exhibit C, § 6.1.

71.     The Contract provides that Unigen must use "best commercial efforts" to sell the Seroctin Product.  *See* Exhibit C, § 8.1.

72.     Section 3 of the License Agreement requires Unigen to identify SRT as the owner of the Seroctin® trademark and imposes an obligation, in conjunction with § 8.1 to market aggressively the Seroctin Product using the Seroctin® name, identifying SRT as the owner of the mark.

73.     Section 4.2 of the License Agreement requires Unigen to mark the Seroctin Product with the '308 Patent and pending patent applications.

74.     Unigen has materially breached the Contract by failing to make any royalty payments for sales by Unigen and by its Affiliates of products containing the Seroctin Product, using the name "Seroctin" and/or the name "Serinex."  *See* Exhibits C, D, § 6.2.

75.     Unigen has failed to make minimum royalty payments to avoid termination of exclusivity of the agreements.  *See* Exhibits C, D, § 9.3.

76.     Upon information and belief, Unigen has materially breached the Contract by failing to research, develop, and market the licensed product.  *See* Exhibit C, D, § 9.3.

77.     For example, the Seroctin Product is not even identified on Unigen's website as an available product.  *See* Exhibit F.

78.     Upon information and belief, Unigen has materially breached the Contract by failing to mark the Seroctin Product (including the Seroctin Product marketed as "Serinex" by Univera) with the '308 Patent.  *See* Exhibit C, § 2.2.

79.     Upon information and belief, Unigen has materially breached the Contract by failing to identify SRT as the owner of the Seroctin Product and by failing to utilize the Seroctin® mark and identify SRT as the owner of the mark.  *See* Exhibit C, § 3.3.

80.     Upon information and belief, Unigen has materially breached the Contract by failing to require its Affiliates to identify SRT as the owner of the Seroctin Product and by failing to utilize the Seroctin® mark and identify SRT as the owner of the mark.  *See* Exhibit C, §§ 1.15, 3.3.

81.     SRT has been damaged by Unigen's material breaches of the Contract in an amount to be proven at trial.

82.     SRT's damages are directly attributable to Unigen's material breaches of the Contract.

83.     Unigen has materially breached the Contract allowing for the recovery of SRT's attorneys' fees, pursuant to the terms of the Contract.

## PRAYER FOR RELIEF

WHEREFORE, SRT prays for judgment against Defendants as follows:

A.    For judgment holding Defendants liable for infringement of the '308 Patent;

B.    For an award of damages adequate to compensate SRT for the infringement of the '308 Patent by Defendants, including treble damages and all other categories of damages allowed by Title 35 U.S.C. § 284;

C.    For a permanent injunctive relief enjoining Defendants, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

    (i)    from using, manufacturing, offering to sell or selling any products falling within the scope of the claims of the '308 Patent;

    (ii)    from importing any product into the United States which falls within the scope of the '308 Patent;

    (iii)    from actively inducing others to infringe any of the claims of the '308 Patent;

    (iv)    from engaging in acts constituting contributory infringement of any of the claims of the '308 Patent;

    (v)    from all other acts of infringement of any of the claims of the '308 Patent;

D.    For a finding that this is an exceptional case and that SRT be awarded its attorneys' fees against Defendant pursuant to Title 35 U.S.C. § 285;

E.    For judgment holding Defendants liable for infringement of SRT's registered trademark, "Seroctin®" under Title 15 U.S.C. § 1114;

F.    For judgment holding Defendants liable for false designation of origin and reverse passing off under Title 15 U.S.C. § 1125(a);

G.    For damages and disgorgement against Defendants' for infringement of the Seroctin® mark and false designation of origin under Title 15 U.S.C. § 1117;

H.    For a finding that Defendants willfully infringed SRT's trademark and falsely designated the origin of the Seroctin Product;

I.    For treble damages under Title 15 U.S.C. § 1117;

J.    For a finding that this is an exceptional case under Title 15 U.S.C. § 1117;

K.    For an award of attorneys' fees under Title 15 U.S.C. § 1117;

L.    For a permanent injunctive relief enjoining Defendants, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows from using, the marks "Seroctin" or "Serinex" or confusingly similar marks in commerce without license from SRT under Title 15 U.S.C. § 1116;

M.    For a finding that Defendants' infringement of SRT's Seroctin® trademark and/or the '308 Patent violates Utah Code Ann. § 13-5a-102;

N.    For damages sustained by SRT under Utah Code Ann. § 13-5a-103(1)(b)(ii);

O.    For an award of attorneys' fees and costs under Utah Code Ann. § 13-5a-103(1);

P.    For an award of punitive damages under Utah Code Ann. § 13-5a-103(1)(b)(iii);

Q.    For judgment holding Unigen liable for material breach of the Contract;

R.    For an award of damages against Unigen adequate to compensate SRT for Unigen's breach of the Contract;

S.      For an award of attorneys' fees against Unigen, pursuant to the terms of

the Contract;

T.      For an award of SRT's costs of this action;

U.      For such further relief as this Court deems SRT may be entitled to in law

and in equity.

Respectfully submitted this 9th day of August, 2007.

                                    WORKMAN | NYDEGGER


                                    By /s/ Larry R. Laycock
                                        LARRY R. LAYCOCK
                                        DAVID R. WRIGHT
                                        BRETT I. JOHNSON

                                        Attorneys for Plaintiff
                                        SEROCTIN RESEARCH &
                                        TECHNOLOGIES, INC.

## JURY TRIAL DEMAND

SRT hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted this 9th day of August, 2007.

WORKMAN | NYDEGGER


By /s/ Larry R. Laycock
    LARRY R. LAYCOCK
    DAVID R. WRIGHT
    BRETT I. JOHNSON

    Attorneys for Plaintiff
    SEROCTIN RESEARCH &
    TECHNOLOGIES, INC.